**UNITED STATES of America, Appellant,**

*v.*

**Jermaine L. FANN, Defendant–Appellee.**

**No. 11–0540–cr.**

United States Court of Appeals, Second Circuit.

Feb. 21, 2012.

Monica J. Richards, Assistant United States Attorney, for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY., for Appellant.

Tracy Hayes, Assistant Federal Defender (Hillary K. Green, Of Counsel, on the brief), Federal Public Defender's Office, Western District of New York, Buffalo, NY., for Appellees.

PRESENT: RICHARD C. WESLEY, RAYMOND J. LOHIER, JR., Circuit Judges, ROSLYNN R. MAUSKOPF,[1] District Judge.

## SUMMARY ORDER

The United States appeals from an order of the United States District Court for the Western District of New York (Skretny, *J.*), which granted Defendant–Appellee's motion to suppress evidence obtained by police as the fruit of an unlawful entry.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We find no error in the district court's grant of Appellee's motion to suppress evidence in this case. Under the Fourth Amendment, "warrantless searches are *per se* unreasonable, subject to a few well-delineated exceptions." *United States v. Oguns,* 921 F.2d 442, 446 (2d Cir.1990) (internal quotation marks omitted). One exception to this rule is the protective sweep incident to a lawful arrest, which permits officers to "conduct a limited security sweep of the premises if they possess a 'reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene.'" *Id.* (quoting *Maryland v. Buie,* 494 U.S. 325, 337, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990)).

In part because the Government did not submit any affidavits or other evidence before the district court to develop the record, the Government fails to identify specific, articulable facts that demonstrate that the officers who conducted the search of the residence reasonably believed that an individual was present at the time of Fann's arrest and that such individual posed a danger to them. Because the officers lacked this reasonable belief, their warrantless search of the residence violated Fann's Fourth Amendment rights. The evidence obtained through the search was properly suppressed.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

1. Judge Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.